IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 12, 2001 Session

## STATE OF TENNESSEE v. PAUL RANDALL FREELAND

**Direct Appeal from the Circuit Court for Benton County**
**No. CR876     Julian P. Guinn, Circuit Judge**

---

**No. W2000-01323-CCA-R3-CD - Filed August 3, 2001**

---

The defendant was declared a motor vehicle habitual offender in Benton County Circuit Court. On appeal, he argues that the trial court erred because the first qualifying underlying conviction occurred more than five years before the date the state's petition was filed. Because no statute of limitations applies under the Motor Vehicle Habitual Offenders Act, we affirm the trial court's judgment .

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Terry J. Leonard, Attorney for Appellant, Paul Randall Freeland.

Paul G. Summers, Attorney General, J. Ross Dyer, Assistant Attorney General, G. Robert Radford, District Attorney General, and Eleanor Cahill, Assistant District Attorney General, Attorneys for Appellee, State of Tennessee.

### OPINION

The defendant was convicted of driving under the influence of an intoxicant on three separate occasions: February 2, 1995, March 3, 1999, and October 6, 1999. On March 21, 2000, the state filed a petition seeking to have the defendant declared a motor vehicle habitual offender. On April 24, 2000, the trial court declared the defendant to be a motor vehicle habitual offender.

Pursuant to Tenn. Code Ann. §55-10-603(2)(A), "habitual offender" means any person who, during a three-year period, is convicted in a Tennessee court or courts of three or more certain enumerated offenses; any person who, during a five-year period, is convicted in a Tennessee court or courts of three or more certain enumerated offenses; or any person who, during a ten-year period, is convicted in a Tennessee court or courts of five or more certain enumerated offenses. Driving an automobile under the influence of an intoxicant, Tenn. Code Ann. §55-10-401, is one of the prohibited offenses. Tenn. Code Ann. §55-10-603(2)(A)(viii).

In this direct appeal the defendant acknowledges that he was convicted of driving under the influence on three occasions. He does not dispute the conviction dates, which fall within a five year period. He contends, however, that the statute requires all three offenses to have occurred within five years of the date the petition is filed, rather than within five years of one another. Because his first conviction occurred more than five years before the state's petition was filed, he contends that the statute of limitations for this offense expired prior to the filing of the petition.

This contention is without merit. In *State v. Bailey R. Agnew*, No. 02C01-9901-CR-00015, Shelby County (Tenn. Crim. App., Jackson, October 31, 1999), this court reiterated that no statute of limitations applies under the Motor Vehicle Habitual Offenders Act. *See also State v. Glenn Lucas,* No. 02C01-9801-CR-00005, Shelby County (Tenn. Crim. App., Jackson, August 10, 1999); *State v. Roger W. Freeman*, No. 03C01-9208-CR-00268, Sullivan County (Tenn. Crim. App., Knoxville, June 1, 1993).

After reviewing the record before this court, we conclude that the trial court did not err in failing to dismiss the state's petition to declare the defendant an Habitual Motor Vehicle Offender. According, we affirm the judgment of the trial court.

_____
CORNELIA A. CLARK, SPECIAL JUDGE